## Messersmith *versus* Sharon Savings Bank.

1. The transferree of stock in an incorporated company is not liable for an unpaid subscription.

2. The capital stock of a corporation is a trust fund for the protection and benefit of creditors, and this extends to the entire stock subscribed, and not merely to the percentage paid in, and a subscriber cannot cast off his liability by a transfer of his stock to another party.

November 23d 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas of *Mercer county :* Of October and November Term 1880, No. 46.

Debt by the Sharon Savings Bank, to the use of A. E. Graham, against Jacob Messersmith, to recover assessments upon stock.

The legal plaintiff was duly incorporated on the 10th of September 1869. Its capital stock was $50,000, divided into one thousand shares, twenty-five of which were subscribed by the defendant. The corporation having become insolvent, made an assignment to the use of plaintiff for the benefit of creditors on the 16th of September 1878. Prior thereto only twenty-five per cent. of the original stock had been called in by the board of managers, and which the defendant had paid on his shares. He then in good faith, and before said assignment was made or the insolvency of the corporation was known to him, and with the knowledge and assent of the bank, transferred his stock to F. Buhl. Since the assignment the directors have called in the unpaid seventy-five per cent. of the original stock. And the defendant refusing to pay the assessment upon his said shares, this suit was brought for the collection of the same, and for the payment of the bank's liabilities.

The court, McDermitt, P. J., in an opinion, after stating the facts as above, said:

" Whether he is liable under the facts above stated is the legal question reserved. Common honesty, elementary law and all the decisions, state and national, regard the capital stock of a corporation as a trust fund for the benefit and protection of its creditors. Neither the directors not the stockholders, nor both combined, can withhold the same from the reach of the corporation's creditors.

[Messersmith v. Sharon Savings Bank.]

The stock so held in trust is the entire subscribed stock, not merely the paid in percentage.   Whatever legal acts the board of directors may perform relative to the mode and manner of collecting the capital stock, they cannot, by any device whatever, release the liability of both the original stockholder and his assignee from the payment in full of the stock originally subscribed, when the same becomes necessary for the payment of the corporation's debts ; and, as our own Supreme Court holds, in the Pittsburgh and Baltimore Coal, Coke and Iron Co. v. Otterson, 4 W. N. C. 545, that an assignee of such stock is not liable in a suit by the corporation to collect the assessments made thereon subsequent to his purchase of it, though he agreed with his assignor at the time of the assignment to pay them, and though, too, he did pay some of them, and though he was, as the owner of such stock, elected a director and acted as such, it follows as a legal corollary that the original subscriber must be or no one is.   The question reserved is ruled in favor of the plaintiff."

This action of the court was assigned for error by defendant, who took this writ.

*Stranahan & Mehard* and *John McClure*, for plaintiff in error.— When an original subscriber to the stock of an incorporated company, who is so bound to pay the instalments on his subscription, from time to time as they are called in by the company, transfers his stock to another person, such other person is substituted not only to the rights but to the obligations of the original subscriber, and he is bound to pay up the instalments called for after the transfer to him.   The liability to pay the instalments is shifted from the outgoing to the incoming shareholder.   A privity is created between the two by the assignment of the one and the acceptance of the other, and also between them and the corporation, for it would be absurd to say, upon general reasoning, that if the original subscribers have the power of assigning their shares, they should, after disposing of them, be liable to the burdens which are thrown upon the owners of the stock : Angell & Ames on Corporations, sect. 534 ; Webster v. Upton's Assignee, 1 Otto 65.

It may be answered to all this, as stated by the learned judge of the court below in his opinion, that the assignee of the stock is not liable for unpaid assessments on stock, and, therefore, it follows as a legal corollary that the original subscriber must be or no one is. It was held by Justice KENNEDY, in the case of The West Philadelphia Canal Co. v. Innes, 3 Whart. 197, that the assignee was not liable, and yet he used the language so directly applicable to this case and above quoted.   If the original subscriber, acting honestly and good faith, is released by the company, it does not necessarily follow that his assignee is liable or that no one is, or he must find some person that is liable.   It is enough that the original sub-

scriber has done all that is required of him without looking for any other to bear or share a burden which he did nothing to bring about and for which he is not responsible.

*Thomas Tanner* and *S. Griffith & Son,* for defendants in error.— This court has held in a long line of decisions, from that in Schuylkill Nav. Co. *v.* Sansom, 1 Binn. 70, to that in Pittsburgh and Baltimore Coal, Coke and Iron Co. *v.* Otterson, 4 W. N. C. 545, that the transferree of stock in an incorporated company is not liable for the unpaid subscription.     With this last principle firmly established, what becomes of the trust fund to which creditors are to resort if the subscribers are released by a transfer of their shares ? If a transfer of unpaid shares is a release from further liability, the greater part of a corporation's assets in many cases may be frittered away through transfers.     We contend that it is not in the power of either the directors or stockholders of a corporation, or of both together, to release a subscriber from liability to pay for stock taken by him, or to deprive the creditors of the corporation of any part of the security afforded by its capital as a trust fund : Burke *v.* Smith, 16 Wall. 395 ; Johnson *v.* Laflin, 17 Albany L. J. 146 ; 6 Central L. J. 124 ;  Thompson's National Bank Cases 331 ; McClarren *v.* Franciscus, 43 Mo. 467.

There is no force in the plaintiff's contention that, unless a transfer operates as a release the liability of a subscriber to the capital of a corporation is of indefinite duration; the same limitation applies to such contracts as to others, whether by parol or specialty : Pittsburgh and Connellsville Railroad Co. *v.* Byers, 8 Casey 22 ; McCleery *v.* Pittsburgh and Connellsville Railroad Co., Id. 25. In any event the plaintiff in error could have protected himself by requiring indemnity from his transferree.     The principle laid down in plaintiff's citation from Angell & Ames on Corporations, sect. 534, is not without reason, since it imposes the subscriber's liability on his transferree ; but since, under the rulings of this court, that liability does not follow a transfer, we contend that no part of the principle cited should prevail in this state.

Mr. Justice GORDON delivered the opinion of the court, January 3d 1881.

It is difficult to understand upon what principle Messersmith seeks to avoid his obligation to the plaintiff corporation.     There was no doubt about his liability when he subscribed for the stock, but he now seems to think that he ought to be released by virtue of his assignment to McCarter.     Exactly why this should be so, why he should be discharged from his contract by the mere fact of his assignment of it to a third party, has not been made clear to us. Had McCarter agreed with the bank to assume this obligation, and had the bank thereupon executed a release to Messersmith, the

[Messersmith *v.* Sharon Savings Band.]

matter would be of easy comprehension, but that the transfer of the stock, without more, should have the effect contended for cannot be admitted. It is said the bank officers assented to the transfer, and that it was made on the books of the bank. Concede this to be so, that does not help the matter, for McCarter did not thereby assume the unpaid instalments of the stock subscription, neither was Messersmith thereby released: Franks Oil Co. *v.* McCleary, 13 P. F. Smith 317; Coal Co. *v.* Otterson, 4 W. N. C. 545.

Furthermore, as was well said by the learned judge of the court below, the capital stock of a corporation is a trust fund for the protection and benefit of creditors, and this extends to the entire stock subscribed, and not merely to the percentage paid in. This is true, and with him we are inclined to think that such stock would be but sorry security for creditors if the subscriber could, at any time, cast off his liability by a transfer to another party, who, as we have seen, thereby assumes no liability to the corporation.

On no principle of law or morals can the doctrine advocated by the defendant be sustained, since it, in effect, makes the execution of the contract depend wholly upon the will of the obligor.

Judgment affirmed.